■ LOUIS O'BRIEN, Plaintiff, *v.* CITY OF NEW YORK, Appellant, and WATSON-FLAGG ENGINEERING Co., INC., Respondent. WATSON-FLAGG ENGINEERING Co., INC., Defendant and Third-Party Plaintiff-Appellant, v. LAW PIPE RAILING CORP., Third-Party Defendant-Respondent.— Judgment entered after trial in favor of plaintiff against City of New York and dismissing the city's cross complaint against Watson-Flagg Engineering Co. and the latter's cross complaint against Law Pipe Railing Corp., unanimously modified, on the law and on the facts, to the extent of reversing the dismissal of the cross complaint of the City of New York against Watson-Flagg Engineering Co., Inc., and by granting judgment to the city on such cross complaint to the extent of $6,000, with interest from the date of payment of such sum, and the judgment is otherwise affirmed, with costs to the City of New York against Watson-Flagg Engineering Co., Inc., and with costs to Law Pipe Railing Corp. against Watson-Flagg Engineering Co., Inc. The indemnity clause in this case is almost a twin to that involved in *Jordan* v. *City of New York* (3 A D 2d 507, affd. 5 N Y 2d 723). It "specifically relieves the city from any liability for its failure to act but also from the consequences resulting in instances where the city chooses to act or direct" (3 A D 2d 511). Hence, the fact that the injury was caused by the negligent direction of the city inspector, rather than from the city's failure to act affirmatively in accordance with safety requirements of the Labor Law, is not a valid basis for distinction. Moreover, the exclusionary provision of the indemnity contract upon which Watson-Flagg relies is confined to accidents caused by the negligent operation of the transit system and does not apply to accidents occasioned by the methods employed in the performance of the work. Here, the operation of the transit system during the course of the work had no connection with the accident. Watson-Flagg is not entitled to judgment over against Law Pipe. Watson-

Flagg in its third-party complaint sought recovery over only for such judgment as might be rendered against it in favor of plaintiff, and plaintiff's complaint against Watson-Flagg was dismissed. Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ.